**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL TAYLOR et al.,**                ) | |
|                                             ) | |
|    **Plaintiffs,**                          ) | |
|                                             ) | |
| **v.**                                              ) | **Case No. CIV-25-105-G** |
|                                             ) | |
| **BERRY-ROCK HOMES, LLC et al.,**   ) | |
|                                             ) | |
|    **Defendants.**                      ) | |

## **ORDER**

Plaintiffs Michael Taylor and Shannon Taylor initiated this action in the District Court of Canadian County, bringing claims under Oklahoma law against multiple defendants. *See* Am. Pet. (Doc. No. 1-2). On January 22, 2025, Defendants Berry-Rock Homes, LLC, 2701 Palazzo Cir, LLC, Oklahome Financing, LLC, Nicholas James Wilson Berry, and Cameron Rock (the "Removing Defendants") removed the case to this Court on the basis of federal diversity jurisdiction. *See* Notice of Removal (Doc. No. 1).

Now before the Court is a Motion to Remand (Doc. No. 3) filed on January 29, 2025, by the Removing Defendants. The Motion represents that neither Plaintiffs nor the remaining Defendant, Berry-Rock Mortgage, LLC d/b/a LIV Mortgage, opposes the remand request.

According to the Motion to Remand, the Removing Defendants were served with Plaintiffs' Amended Petition in the state-court action on or about December 23, 2024. *See* Mot. to Remand at 2. This pleading reflected complete diversity between the parties, and Plaintiffs' counsel provided a damages calculation exceeding $75,000. *Id.* The Removing

Defendants then removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1446(b). *See id.*

The Removing Defendants are all domiciled in the State of Oklahoma, however, and are citizens of the State of Oklahoma for diversity purposes. *See id.* at 3. Accordingly, the Removing Defendants "now acknowledge that their removal was in violation of the Forum Defendant Rule codified at 28 U.S.C. § 1441(b)(2)." *Id.*; *see* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The Removing Defendants therefore seek remand of this matter back to the District Court of Canadian County pursuant to 28 U.S.C. § 1447(c).

Section 1447(c) prescribes in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Motion to Remand was timely filed within this 30-day limit. Further, the record reflects that the removal of this action was procedurally improper and done in contravention of 28 U.S.C. § 1441(b)(2). The Court concludes that remand is therefore appropriate. *See* 28 U.S.C. § 1447(c); *see, e.g.*, *Romero v. Montenegro*, No. 2:09-CV-117, 2009 WL 1507598, at *1 (N.D. Ind. May 28, 2009).

## CONCLUSION

For the reasons set forth above, the Motion to Remand (Doc. No. 3) is GRANTED.

The Court REMANDS this matter to the District Court of Canadian County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 13th day of February, 2025.

_____
CHARLES B. GOODWIN
United States District Judge